IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PLUMBERS AND FITTERS LOCAL 101, et al.,**

**Plaintiffs,**

**v.**

**HIRTH PLUMBING AND HEATING COMPANY,**

**Defendant.**                                                          **No. 09-0853-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

#### I. Introduction and Background

Now before the Court is Defendant's Rule 12(b)(6) motion to dismiss (Docs. 12 &13). Plaintiffs oppose the motion (Doc. 14). Based on the following, the Court denies the motion to dismiss.

On October 9, 2009, Plaintiffs filed a two-count Complaint against Hirth Plumbing and Heating Company ("Hirth") for breach of settlement agreement (Count I) and failure to timely submit contributions (Count II) all pursuant to section 502(g)(2) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(2) (Doc. 2). As to Count I, the Complaint alleges that in cause number **07-cv-0556-DRH-PMF** "[o]n or around February 19, 2008, the parties entered into a settlement agreement under which defendant agreed to pay plaintiffs $331,528.79 pursuant to a payment schedule. This amount consists of $329,209.24 in contributions for the period of September 2004 through November 2007 plus

interest commencing January 1, 2008 and $2,319.55 in attorney's fees." (Doc. 2; p. 4, ¶ 10). The Complaint also alleges that Hirth has failed to make any payments pursuant to the payment schedule despite Plaintiffs' demands to do so. As to Count II, the Complaint alleges that Hirth has failed to submit its monthly fringe benefits reports and contributions for the period of July 2009 through September 2009 and that Plaintiffs have demanded payments.

On December 23, 2009, Hirth filed a Rule 12(b)(6) motion to dismiss arguing that Count I is preempted by ERISA; that Count I fails to state a claim because Plaintiffs failed to attach the settlement agreement and that Count II fails to state a claim because Plaintiffs failed to identify the collective bargaining agreements under which such contributions are due. Plaintiffs counter that Hirth's arguments are devoid of merit, the Court agrees.

## II.  Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim under **Federal Rule of Civil Procedure 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **Federal Rule of Civil Procedure 8.** Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **Fed. R. Civ. P. 8(a)(2)**. The Supreme Court held that Rule 8 requires a complaint to allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570**

**(2007)**. In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' " by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." ***Id.* at 555-56 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' ***Ashcroft v. Iqbal*, --- U.S.---, --- 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557)**.

Recently, in ***Iqbal***, the Supreme Court made clear that the federal pleading standard under **Rule 8** as discussed in its ***Twombly*** opinion applies "for all civil actions." ***Id.* at ---, 129 S. Ct. at 1953**. *Iqbal* identified the "two working principles" underlying the decision in ***Twombly***: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss." ***Id.* at ---, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555-56)**. In short, a court should only assume to be true a complaint's well-pleaded factual allegations, and not its mere legal conclusions, when determining whether such allegations plausibly give rise to relief. ***Id.* at ---, 129 S. Ct. at 1950**.

### III. Analysis

As to Count I, Hirth argues that Plaintiffs attempt to assert a state

common law claim against it for breach of contract based on Hirth's alleged failure to pay certain delinquent fringe benefits purportedly owed and that this claim is preempted by ERISA's exclusive civil enforcement scheme and is governed by ERISA. As stated by Plaintiffs, nowhere in their Complaint do Plaintiffs assert that Count I arises under state law.  In fact, the Complaint specifically states that Counts I and II are brought pursuant to ERISA and makes references to ERISA many times throughout the Complaint.  (Doc. 2; ¶ ¶ 1, 2, 3, 14, 15, 20, 21 & 22).  Simply put, Count I states a claim under ERISA to enforce a settlement agreement over ERISA fringe benefit contributions.[1]

As to Count II, Hirth argues that Plaintiffs' claim for delinquent contributions fails to provide enough facts to state a claim.  Specifically, Hirth argues that because Plaintiffs have failed to identify the purported collective bargaining agreements Count II must be dismissed.  The Court does not agree.

Here, Paragraph 6 of the Complaint states: "At all times material, defendant Company was party to and bound by collective bargaining agreements with the Union." (Doc. 2; ¶ 6).  Further, Count II alleges that "[d]efendant has failed to submit its monthly fringe benefit report and contributions for the period of July 2009 through September 2009. ... Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), defendant Company is liable to plaintiffs for all unpaid principal

---

[1] Also as to Count I, Hirth also argues in a footnote that Count I should be dismissed for failure to state a claim because Plaintiffs did not attach the settlement agreement.  The Court finds this failure is not fatal and does not warrant dismissal.  Based on the allegations in Count I, the Court finds it contains sufficient facts to apprise Hirth of the cause of action.

amounts. In addition, pursuant to Section 16 of the collective bargaining agreements and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), defendant Company is liable for interest on amounts it has paid any may pay in an untimely manner. ..." (Doc. 2; ¶ ¶ 18 & 20). Clearly, Count II is sufficient to state a cause of action for failure to timely submit contributions pursuant to ERISA against Hirth.

### IV. Conclusion

Accordingly, the Court **DENIES** Defendant's Rule 12(b)(6) motion to dismiss (Doc. 12).

**IT IS SO ORDERED.**

Signed this 8th day of February, 2010.

/s/ David R Herndon
**Chief Judge**
**United States District Court**